UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| **MELISSA PETERSON-ERICKSON**, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> **FIRSTSERVICE RESIDENTIAL FLORIDA, INC.**, a Florida corporation, <br><br> Defendant. | CIVIL ACTION <br><br> Case No.  2:23-cv-088 <br><br> Judge: <br><br> Mag. Judge: |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

NOW COMES the Plaintiff, **MELISSA PETERSON-ERICKSON** ("**PETERSON-ERICKSON**"), by and through undersigned counsel, and state the following for her Complaint:

**CAUSES OF ACTION**

1. This is an action brought under the federal Fair Labor Standards Act ("FLSA") for unpaid overtime wages.

**PARTIES**

2. The Plaintiff, **MELISSA PETERSON-ERICKSON** ("**PETERSON-ERICKSON**") is an individual and a resident of Florida who at all material times resided in Lee County, Florida and worked for the Defendant in Lee County,

1

Florida. At all material times, **PETERSON-ERICKSON** was employed by the Defendant as a property manager. A great number of the customers **PETERSON-ERICKSON** served were residents of other states who visit Southwest Florida on only a seasonal basis or on vacation. **PETERSON-ERICKSON** began the flow of interstate commerce for by, *inter alia*, generating and processing billing, which collected funds from out-of-state sources. **PETERSON-ERICKSON** performed work in Lee County, Florida, which is within the Middle District of Florida, during the events giving rise to this case. **PETERSON-ERICKSON** was an employee within the contemplation of 29 U.S.C. 203(e)(1). Thus, pursuant to 28 U.S.C. 1391(b), venue for this action lies in the Middle District of Florida.

3. The Defendant, **FIRSTSERVICE RESIDENTIAL FLORIDA, INC.** ("**FIRSTSERVICE**") is a Florida company and employed **PETERSON-ERICKSON** in Lee County, Florida. **FIRSTSERVICE** has gross annual income well in excess of $500,000.00 per year and is engaged in interstate commerce; it is a covered employer under the FLSA (29 U.S.C. §203(d), (r) and (s)). **FIRSTSERVICE**'s employees are engaged in interstate commerce and their business model specifically involves interstate purchases and sending/receiving funds from out-of-state sources. **FIRSTSERVICE** collects monies, most of which is from out-of-state financial institutions. **FIRSTSERVICE** has the authority to hire, fire, assign work, withhold work and affect the terms and conditions of persons like Plaintiff. **FIRSTSERVICE** supervised and controlled Plaintiff's work

schedules and conditions of employment, in addition to determining the rate and method of payment for Plaintiff. **FIRSTSERVICE** maintains employment records of Plaintiff. **FIRSTSERVICE** was the employer of Plaintiff.

## JURISDICTION AND VENUE

4. This Court has jurisdiction of this matter under 28 U.S.C. §1331, 1343(4), 2201 and 2202 and pursuant to the Fair Labor Standards Act (FLSA") 29 U.S.C. §§216(b) and 217. The jurisdiction of this Court is invoked to secure the protection and redress of the deprivation of rights secured by the FLSA.

5. Venue is proper in the United States District Court for the Middle District of Florida because the Plaintiff worked in, and the Defendant conducts business in, and some or all of the events giving rise to Plaintiff's claims occurred in Lee County, Florida, which is within the Middle District of Florida. Venue is proper in the Fort Myers Division under Local Rule 1.04 since the action accrued in Lee County, which is within the Fort Myers Division.

## GENERAL ALLEGATIONS

6. **PETERSON-ERICKSON** began her employment with the Defendant on or about August 8, 2016.

7. **PETERSON-ERICKSON** was employed by the Defendant as a property manager.

8. **PETERSON-ERICKSON** was not paid a salary within the meaning of the FLSA.

9. Instead, **PETERSON-ERICKSON**'s pay was determined based on how many – or how few – hours she worked on a given day.

10. In the past 3-years, **PETERSON-ERICKSON** was required by the Defendant to work sixty (60) hours or more per week, and did so without proper overtime compensation.

11. The Defendant's failure to pay compensation to **PETERSON-ERICKSON** at a rate of one and one-half (1 and 1/2) times Plaintiff's regular rate of pay violates the FLSA.

12. The Defendant did not pay Plaintiff proper overtime.

13. The Defendant has violated the FLSA by failing to pay overtime wages to **PETERSON-ERICKSON**.

## COUNT I: VIOLATION OF THE FLSA- UNPAID OVERTIME

14. The Plaintiff hereby incorporates Paragraphs 1-13 in this Count as though fully set forth herein.

15. Plaintiff was actually covered, non-exempt employee under the FLSA at all times during her employment with the Defendant.

16. The Defendant was required by the FLSA to pay Plaintiff at least time and one-half for all hours worked by them in excess of 40 hours per week.

17. The Defendant had operational control over all aspects of Plaintiff's day-to-day functions during her employment, including compensation.

18. The Defendant was Plaintiff's employer and are liable for violations of the FLSA in this case.

19. The Defendant violated the FLSA by failing to pay Plaintiff at least time and one-half for all hours worked over 40 per week.

20. The Defendant has willfully violated the FLSA in refusing to pay Plaintiff's proper overtime for all hours worked over 40 per week.

21. As a result of the foregoing, Plaintiff has suffered damages of lost wages.

22. The Defendant is the proximate cause of Plaintiff's damages.

**WHEREFORE,** the Plaintiff prays that this Honorable Court enter a Judgment in her favor and against the Defendant for an amount consistent with evidence, together with liquidated damages, the costs of litigation, interest, and reasonable attorneys' fees.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b) and the Seventh Amendment to the United States, the Plaintiffs demand a trial by jury as to all issues triable as of right.

Respectfully submitted,

Dated: February 10, 2023  **/s/ Benjamin H. Yormak**
Benjamin H. Yormak
Florida Bar Number 71272
Lead Counsel for Plaintiff
Yormak Employment & Disability Law
27200 Riverview Center Blvd., Suite 109
Bonita Springs, Florida 34134
Telephone: (239) 985-9691
Fax: (239) 288-2534
Email: byormak@yormaklaw.com